NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
SODI II, LLC, AND MICHAEL SODI, II, :
                                    :
            Plaintiffs,             :
        v.                          :   CIVIL ACTION NO. 06-2573 (JAP)
                                    :
SELECTIVE INSURANCE COMPANY         :
    OF AMERICA,                     :
                                    :   **OPINION**
            Defendant.              :
                                    :
_____ :

APPEARANCES:

Thomas T. Booth, Jr.
Law Offices of Thomas T. Booth, Jr., LLC
241 Kings Highway East, First Floor
Haddonfield, New Jersey 08033
    *Attorney for Plaintiffs*

Carolyn Kelly Bogart
Marshall, Dennehey, Warner, Coleman & Goggin
Woodland Falls Corporate Park, Suite 300
200 Lake Drive East
Cherry Hill, New Jersey 08002
    *Attorney for Defendant*

PISANO, District Judge.

Presently before the Court is a motion for summary judgment brought by Defendant Selective Insurance Company of America ("Selective"). Plaintiffs Sodi II, LLC and Michael Sodi, II (collectively, "Sodi" or "Plaintiffs") oppose the motion and cross-move for summary judgment to be entered in their favor. For the reasons set forth herein, the Court grants Selective's motion for summary judgment and denies Sodi's cross-motion for summary

-1-

judgment.

I.      BACKGROUND

This dispute arises from Sodi's claim for benefits under a Standard Flood Insurance Policy ("SFIP") issued by Selective in its capacity as a "Write-Your-Own" Program Company participating in the National Flood Insurance Program ("NFIP").  On September 22, 2004, Selective issued to Sodi the SFIP, which insured a building owned by Sodi from flood damage, with a maximum coverage of $133,100, for the period of November 1, 2004 through November 1, 2005.  (Selective Br., Ex. 4).  Because the policy was issued under the NFIP, the SFIP's terms are governed by, and codified at, 44 C.F.R. Part 61, Appendix A, and are incorporated into the Code of Federal Regulations by reference.  44 C.F.R. § 61.13(a).

On April 2, 2005, Sodi's insured building sustained physical damage caused by a flood in the building's basement.  (Selective Br., Ex. 2).  On May 20, 2005, Sodi sent to Selective a Flood Damage Closing Report and Proof of Loss form, signed by Michael Sodi, II on May 17, 2005.  (Selective Br., Ex. 2).  Within that Proof of Loss form, Sodi sought to recover $7,344.52 from Selective under the terms of the SFIP policy.  On June 29, 2005, in reply to Sodi's submissions, Selective issued Sodi a check for the full amount sought.

Subsequently, in March, 2006, Sodi discovered that the same flood also caused damage to the footings, foundations, floors, and walls of the insured building.  (Sodi Br., Ex. N at 1).  On March 20, 2006, a consultant hired by Sodi estimated the repairs of the damage to total $109,165.60.  (Sodi Br., Ex. N at 4).  In a letter dated March 25, 2006, a public adjusting company, Professional Adjustment Corporation, requested that Selective reopen Sodi's claim for benefits under the insurance policy.  (Sodi Br., Ex. M).  Four days later, on March 29, 2006,

Selective responded to the request in a letter, noting that, "[t]o date, [neither] Selective nor the adjuster assigned has received documents supporting additional damages are due." (Sodi Br., Ex. O). Accordingly, Selective stated that the claim remained closed, but that, if Sodi were to "send supporting documentation to support this loss damage," it would "review for possible payment." (Sodi Br., Ex. O). Nevertheless, Selective reserved all rights and defenses under the policy. (Sodi Br., Ex. O).

On April 4, 2006, Selective sent Sodi a second similar letter.[1] (Sodi Br., Ex. P). In this letter, Selective reiterated that it had already received a Proof of Loss form that sought coverage for damages totaling $7,344.52, which Selective had paid. (Sodi Br., Ex. P). In respect of the request by Professional Adjustment Corporation to "reopen and re-inspect" the claim for damages, Selective again stated that, "[t]o date, [neither] Selective nor the adjuster assigned has received documents supporting additional damages are due." (Sodi Br., Ex. P). As a result, Selective informed Sodi that the "request for supplemental damages is denied, no additional payments are warranted." (Sodi Br., Ex. P).

On April 17, 2006, Sodi filed a Complaint in the Law Division of the Superior Court of Hunterdon County, New Jersey, alleging a breach of the terms of the insurance policy and a claim of bad faith and unfair practices pursuant to N.J.S.A. 17:29B-3. On June 7, 2006, Selective removed the action to this Court, invoking jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331. On November 16, 2006, this Court dismissed with prejudice Sodi's claim

---

[1] It is unclear from the record whether Sodi sent additional documentation to Selective after the March 29, 2006 letter or simply resent the request from Professional Adjustment Corporation, seeking to reopen Sodi's claim. For purposes of this motion, this issue of fact is not material, as it is clear that Sodi did not submit a Proof of Loss form at this point.

of bad faith and unfair practices, leaving only Sodi's claim for coverage.

Almost one year following, on April 24, 2007, Sodi sent to Selective a singed Proof of Loss form seeking coverage in the amount of $99,165.60.[2] (Sodi Br., Ex. W). Selective responded on May 11, 2007, informing Sodi that it "reject[s] this proof[ of loss form], as the damages that [Sodi has] claimed have not been substantiated." (Sodi Br., Ex. X). Selective noted that it had "not received documentation supporting that the additional damages are due." (Sodi Br., Ex. X). Finally, it stated that "[t]he amount of $7,344.52 is the sum of damages that Selective opines should be paid[,]" and, thus, it "den[ies] any further payment at this time." (Sodi Br., Ex. X).

On June 20, 2007, Selective filed the present motion for summary judgment, claiming that Sodi cannot claim additional coverage under the SFIP because he failed to timely submit a Proof of Loss form, as required by federal law. Sodi opposed the motion and cross-moved for summary judgment, seeking a judgment in his favor in the amount of $100,165.60.

## II.     DISCUSSION

### A.     Standard of Review under Federal Rule of Civil Procedure 56(c)

A court shall grant summary judgment under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[2] The Proof of Loss form claims that the "Whole Loss and Damage" to the insured building equals $100,165.60. The final sum claimed under the policy, represents that number subtracted by Sodi's deductible of $1,000. (Sodi Br., Ex. W at 2).

248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, *supra*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

**B.   Analysis**

As an action arising over a dispute of coverage under a SFIP issued as part of the NFIP, this case is governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.*, ("the Act"). The Act established the NFIP, which is underwritten by the United States Treasury to provide flood insurance below actuarial rates. 42 U.S.C. § 4017. The Federal Emergency Management Agency ("FEMA") administers the NFIP. 42 U.S.C. § 4011(a).

As part of its administrative duties, FEMA provides for marketing and claims adjustment

of SFIPs by Write Your Own ("WYO") Companies, who operate as fiscal agents of the United States.  44 C.F.R. §§ 61.13(f), 62.23.  A WYO Company must issue SFIPs "in the form and substance of the standard arrangement" set forth in 44 C.F.R. Part 61, Appendix A.  44 C.F.R. § 62.23(a).  Importantly, "WYO carriers may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator." *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005) (citing 44 C.F.R. Pt. 61, App. (A)(1), Art. VII(D); 44 C.F.R. § 61.13(d)).

The SFIP specifically requires that an insured claiming damages for flood loss provide the WYO carrier with proof of loss within 60 days from the date of the alleged loss.  44 C.F.R. Pt. 61, App. (A)(1), Art. VII(J).  "The SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations by the insurer or its adjuster." *Suopys*, *supra*, 404 F.3d at 810.  Indeed, the Third Circuit has "ma[d]e explicit that the 60-day period for filing proof of loss must be strictly construed." *Id.* at 806.  As such, it is established in this Circuit that "strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP." *Id.* at 810.  Moreover, in accordance with that strict construction of the SFIP, this jurisdiction, along with many others, has repeatedly rejected claims by policy holders that a WYO Company waived, or somehow extended, the 60-day requirement absent a written waiver from FEMA.  *See, e.g.*, *id.* at 810-11; *Petersen v. Nat'l Flood Ins. Program*, 200 F. Supp. 2d 499, 505-06 (E.D. Pa. 2002) (rejecting insured's claims under both waiver and estoppel theories); *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 530-32 (D.N.J. 2000) (same).

Applying those principles here, it is not contested that Sodi filed the second Proof of Loss

form more than 60 days from the date of the alleged loss. Rather, Sodi argues that the second form should nevertheless be deemed timely because it "relates back" to the first Proof of Loss form, which was timely filed and for which Sodi recovered $7,344.52. The crux of Sodi's argument is that the second Proof of Loss form was not required, as he sought to merely amend his original claim, rather than to reassert a second additional claim.

A similar argument was presented, and rejected, in *Messa v. Omaha Property & Casualty Insurance Company*, 122 F. Supp. 2d 523 (D.N.J. 2000). In that case, an insured claimed that his failure to submit a second Proof of Loss form seeking additional coverage, after having submitted a sworn Proof of Loss form for which the WYO Company had paid the insured, was not a "complete failure[,]" but only a "partial failure" to comply with the Proof of Loss requirement. *Messa*, *supra*, 122 F. Supp. 2d at 530. The court rejected that argument, finding that

> [s]ubsequent claims that the payment only partially satisfied [the WYO Company's] obligation because it was insufficient to cover the flood damage alleged by Plaintiffs and their engineer do not give Plaintiffs license to disregard the requirements for any additional loss payments they seek in excess of the total net amount previously claimed under their policy.

*Ibid.*

Similarly, the Eastern District of Pennsylvania has held that an insured is not "excuse[d] . . . from complying with the SFIP's requirements" even if the insured discovers additional damage after accepting payment on an original claim made under a SFIP. *Petersen*, *supra*, 200 F. Supp. 2d at 506 (E.D. Pa. 2002). That court held that, "[b]ecause they accepted payment on their claim and did not contest the amount of settlement at that time, plaintiffs may not make an additional claim." *Ibid.* (citing *Dogwood Grocery, Inc. v. S.C. Ins. Co.*, 49 F. Supp. 2d 511, 513

(W.D. La. 1999) (stating that, "although Plaintiff suggests that the terms and conditions of the [SFIP] contemplate an adjustment procedure which might justify the subsequent amendment of a claim, Plaintiff provides no authority and the court finds none to support the proposition that a claim which has been adjusted and for which payment has been offered and accepted may be resubmitted upon subsequent discovery of additional facts")).

Here, there is no dispute of material fact that Sodi "accepted payment on [his] claim and did not contest the amount of settlement at that time[,]" *ibid.*, and that he failed to submit a timely Proof of Loss form in respect of the additional damage for which he sought coverage. As a result, under any theory proffered by Sodi, the uncontested fact that he failed to timely submit a Proof of Loss form to Selective in respect of the alleged additional damage—a condition precedent to Selective's obligations under the SFIP—precludes Sodi's claim for benefits as a matter of law.

### III.  CONCLUSION

For the reasons expressed above, the Court grants Selective's motion for summary judgment and denies Sodi's cross-motion for summary judgment. An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: January 11, 2008